**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

_____

John or Jane Doe, individually and )
on behalf of others similarly    )
situated,                        )
                                 )
                  Plaintiffs,    )
                                 )
          vs.                    ) 22-cv-03580-WHO
                                 ) 22-cv-04293-WHO
                                 ) 22-cv-04680-WHO
                                 ) 22-cv-04963-WHO
                                 )
Meta Platforms,Inc.,             )
                                 ) San Francisco, California
                  Defendants.    ) October 5, 2022
_____) 2:59 p.m.


**BEFORE:   THE HONORABLE WILLIAM H. ORRICK, JUDGE**

**REPORTER'S TRANSCRIPT OF PROCEEDINGS VIA ZOOM VIDEO CONFERENCE**

**MOTION HEARING**

Official Court Reporter:
**Elaine Cropper, RDR, CRR, CCP**
Sandra Day O'Connor U.S. Courthouse
401 West Washington Street
Suite 312, SPC 35
Phoenix, Arizona  85003-2150
(602) 322-7245

Proceedings Reported by Stenographic Court Reporter
Transcript Prepared by Computer-Aided Transcription

United States District Court

**APPEARANCES**


For the Doe Plaintiffs in 22-cv-03580-WHO:
      **JEFFREY A. KONCIUS, ESQ.**
      Kiesel Law, L.L.P.
      8648 Wilshire Boulevard
      Beverly Hills, CA  90211

      **JAY BARNES, ESQ.**
      Simmons, Hanly, Conroy, L.L.C.
      112 Madison Avenue, 7th Floor
      New York, NY  10016

For the Doe Plaintiffs in 22-cv-04293-WHO:
      **CHRISTIAN LEVIS, ESQ.**
      Lowey Dannenberg, P.C.
      44 South Broadway, Ste. 1100
      White Plains, NY^  10601

For the Doe Plaintiffs in 22-cv-04680-WHO:
      **GEOFFREY A. GRABER, ESQ.**
      Cohen, Milstein, Sellers & Toll, P.L.L.C.
      1100 New York Avenue N.W.
      Suite 500, West Tower
      Washington, D.C.  20005

      **ANDREW M. MURA, ESQ.**
      Gibbs Law Group, L.L.P.
      1111 Broadway, Ste 2100
      Oakland, CA  94607

For the Doe Plaintiffs in 22-cv-04963-WHO:
      **RYAN MCGEE , ESQ.**
      Morgan and Morgan Complex Litigation Group
      201 N. Franklin St., 7th Fl.
      Tampa, FL  33602

      **JOHN A. YANCHUNIS, ESQ.**
      Morgan and Morgan, P.A.
      201 N. Franklin St., 7th Fl.
      Tampa, FL  33602

For the Meta Defendants:
      **MICHAEL G. RHODES, ESQ.**
      Cooley, L.L.P.
      3 Embarcadero Center, 20th Fl.
      San Francisco, CA  94111-4004


                    United States District Court

**APPEARANCES (CONTINUED):**

For the Meta Defendants:
**ELIZABETH K. MCCLOSKEY, ESQ.**
Gibson, Dunn and Crutcher, L.L.P.
555 Mission St., Ste 3000
San Francisco, CA  94105

For UCSF: :
**JAMES MORRISON, ESQ.**
Baker & Hostetler, L.L.P.
999 3rd Ave., Ste. 3900
Seattle, WA  98104

**PAUL G. KARLSGODT, ESQ.**
Baker Hostetler, L.L.P.
1801 California St., Ste. 4400
Denver, CO  80202

For Dignity Health:
**ASHLEY L. SHIVELY, ESQ.**
Holland & Knight, L.L.P.
50 California St., Ste. 2800
San Francisco, CA  94111

United States District Court

**P R O C E E D I N G S**

(Court was called to order by the courtroom deputy.)

(Proceedings begin at 2:59.)

COURTROOM DEPUTY:  We will get under way in cases number 22-3580, 22-4293, 22-4680, and 22-4963, *DOE v. Meta Platforms, et al.*

Counsel, if you would, please, state your appearance for the record.

MR. BARNES:  Good afternoon.  Jay Barnes on behalf of the plaintiffs in the first filed Doe case.  Mr. Koncius is here in the first filed Doe case as well on behalf of the plaintiffs.

MR. KONCIUS:  Good afternoon.  Jeffrey Koncius K-O-N-C-I-U-S, from Kiesel Law on behalf of plaintiffs, co-counsel with Mr. Barnes in the '3580 Doe case.

MR. LEVIS:  Good afternoon, Your Honor.  Christian Levis on behalf of plaintiff in the Jane Doe matter that is docket number 22-cv-04293.

MR. GRABER:  Good afternoon Your Honor.  Geoffrey Graber, Cohen, Milstein, on behalf of Doe plaintiff, case number '4680.  Also here with me is my co-counsel, Andre Mura, from Gibbs Law Group.

MR. MURA:  Good afternoon, Your Honor.

MR. MCGEE:  And good afternoon, Your Honor.  Ryan McGee on behalf of the plaintiffs in the *Doe v. Meta*.  That's

United States District Court

case number 22-cv-04963.  And I'm joined by my colleague, Mr. John Yanchunis, and we are both with the law firm of Morgan and Morgan.

MR. RHODES:  Good afternoon.  This is Michael Rhodes on behalf of Meta in all of these cases, along with my colleagues Elizabeth McCloskey from Gibson, Dunn & Crutcher.  I think we're the only two on behalf of Meta in all four cases.

THE COURT:  Great.  Looks like I've got everybody. Good afternoon to all of you --

MS. SHIVELY:  Your Honor.  I'm sorry.  I'll just introduce myself as well.  Ashley Shively on behalf of Dignity Health Medical Foundation in the '4293 case.

THE COURT:  Thank you, Ms. Shively.  Sorry.

MR. MORRISON:  And I, too, will introduce myself. I'm James Morrison on behalf of the Regents of the University of California.

THE COURT:  Great.  So --

MR. MORRISON:  Apologies.  With me is Paul Karsgodt as well.

MR. KARSGODT:  And, unfortunately, Your Honor, my camera was on backwards and now I can't get it to show.  But I don't believe I'll be addressing the Court.

THE COURT:  Okay. Good deal.  Well, it's nice to see you all.

I'll tell you at the outset that I've seen Mr. Graber

before, a decade ago.  We worked together in the Department of Justice.    `03:02:33`

And I am pleased to see you again.

So there are a couple of things that are pending here.  Let me tell you how -- what I think about them.  I    `03:02:47`
will -- first of all, there seems to be no disagreement about the motion to consolidate.  So I would grant it.

When do --

MR. RHODES:  Your Honor.  Michael Rhodes, for the record.  May I just give you another piece of information?    `03:03:11`

THE COURT:  Okay.

MR. RHODES:  There are three cases outside of the district that are -- two of which are now formally coming in. I just wanted to alert the Court to that.  One is called Krackenburger, with a K, from Illinois.  We have an order of    `03:03:24`
severance.  There was a health care provider co-defendant. That case has been severed and formally transferred to Your Honor.  I know it sometimes takes a bit for these things to show up on your side.

And then I believe on Monday of this week we got a    `03:03:41`
similar order from a case in the Western District of Pennsylvania called Smidga, S-M-I-D-G-A, same dynamic, the order of severance and transfer.  Again, I'm not sure that one has showed up on your docket.

And then this morning, the last of these kind of    `03:04:00`

United States District Court

related cases, there were seven of them originally.  In the Middle District of North Carolina, a case called Naugle, N-A-U-G-L-E.  Plaintiffs' counsel let us know this morning, in connection with meet-and-confer we had a day or so ago, that they, too, will agree by stipulation to sever the Meta part of the case, send it out here to you.

So I just wanted to make sure you knew that there were probably three more cases coming in to be ultimately consolidated with Your Honor.  And I apologize for interrupting.

THE COURT:  I appreciate that.

To somebody -- and I'll start with Mr. Barnes but then anybody else can speak up.  Is there going to be any disagreement that anybody is aware of with respect to consolidation itself?

MR. BARNES:  I don't think in general, Your Honor.  I think that there's a filing, obviously you're aware of, and they will speak their peace.

To Mr. Rhodes' point, I think Your Honor should be aware, there are seven other cases against hospitals around the country where our firm, Simmons, Hanly, Conroy, and Mr. Koncius represent patient classes against hospitals where Facebook is not named as a defendant in those actions.

So there was no need to sever Facebook and send those cases here.  But I just wanted Your Honor to be aware that in

United States District Court

addition to those cases Mr. Rhodes named, there are seven others.  I can list them if you want but I don't suppose you want me to. 03:05:32

THE COURT:  No.  They are not -- they aren't coming here? 03:05:43

MR. BARNES:  They are not coming here because we did not add Facebook as a defendant.  I thought Your Honor should be aware of their existence.

THE COURT:  Thank you.  Well, glad to know and -- but of the ones that are coming here, is it your understanding that the other plaintiffs' counsel are expecting the consolidation is going to occur? 03:05:55

MR. BARNES:  I believe so.  Same general underlying facts, same basic claims in all of the cases with that hospital-set-aside issue. 03:06:14

THE COURT:  Okay.  So have the plaintiffs' counsel talked about when they would expect to file motions for interim class counsel?

MR. BARNES:  For this I'll kick this to Mr. Koncius who has had a lot of these conversations. 03:06:33

THE COURT:  Okay.

MR. KONCIUS:  Good afternoon, Your Honor.  If I may. I think the short answer to your question, Your Honor, is while we have reached out and spoken with many of the plaintiffs' counsel in the other cases, we're not able to, at this moment, 03:06:45

United States District Court

present Your Honor with a self-organization.  So we do see that we're going to have to be filing motions for interim lead.

Our biggest concern is, we put forth in our opposition to the administrative motion that was filed by Meta, is that what we want to make sure is that while those motions are being filed, being heard and ultimately being resulting in a consolidated complaint, that the preliminary injunction motion that has been filed in our case does not get put off.

THE COURT:  All right.  Well, that's a separate question that I'll deal with in just a second.  But with respect to getting the -- getting this case organized, in general, how much time to do you want or need in order to file these motions?  Is two weeks, a month?  What's the --

MR. KONCIUS:  I think, Your Honor, if we were able to file the motions in two weeks, I think that would work for counsel, who I will hope will chime in if they disagree.  The question would be, Your Honor, as to when the hearing would be and any oppositions.

THE COURT:  Go ahead, Mr. Graber.

MR. GRABER:  I'll just note two weeks is fine but seven days might be even better.  I don't think there's any reason to delay matters.  It's important to move this forward expeditiously.

We did propose a briefing schedule in the proposed order we submitted with the consolidation motion, but we would

be fine with two weeks or a week as we have proposed.                    03:08:20

THE COURT:  All right.  Well, if there are a couple of more cases coming in and people aren't in front of me, I think probably two weeks makes the most sense.

And then do it on a normal briefing schedule which    03:08:32 means -- I don't have my calendar -- I'll get my calendar up. Just a sec.

So two weeks from today is the 19th.  That's when they are due.  Oppositions on the second, reply on the ninth and then I think I'll specially set this for on the 21st, which    03:08:57 is a Monday, at 2 o'clock so we don't have to wait through the Thanksgiving week.

MS. SHIVELY:  Your Honor, if I may.  Ashley Shively for DHMF.

THE COURT:  Yes.                                        03:09:21

MS. SHIVELY:  The developments shared by plaintiffs' counsel I think kind of emphasizes and underscore the points we made in our, you know, brief response to the Motion to Consolidate.  Our case, the '4293 case, is really differently situated than all of the others.  Meta's named as a defendant    03:09:39 in all of these.  All of those cases identify a health or institution where those plaintiffs sought treatment, used their website, et cetera.  But this particular case is the only one that actually names them as defendants, both the Regents and DHMF.                                                             03:10:03

I think we're puzzled by how we fit into this.  You know, all the more so because DHMF didn't actually use a pixel on either its public-facing or patient portal.  But we also have this arbitration issue.  You know, if there's going to be a consolidated complaint, it just doesn't seem like DHMF and the health care institutions fit into this case.  We are very much the outlier here.

THE COURT:  Well, I was going to suggest that you meet and confer with counsel on getting your motion to compel arbitration on file and you could do that separately.  And then it's going to take a while for the consolidated complaint to be filed.  So why don't you just meet and confer with people and deal with that separate issue?

MR. RHODES:  Your Honor, this is Michael Rhodes for Meta.  The only thing I would note is in the three cases that have yet to land before Your Honor, in all three of those cases, the protocol that we negotiated with plaintiffs there was to sever out the health care provider or hospital and let them be standing, because a lot of those have those arbitration clauses as well.  And I don't know whether counsel for the institutions here would want to make a motion to sever.  I would just throw that out as a rhetorical question.

MR. LEVIS:  If I can just mention this.  Christian Levis, counsel in the case that names the two health care entities.  That hasn't been a proposal that has been raised and

discussed with us; but if one of the health care defendants want to raise that, we can talk about it as a viable option but it just hasn't come up yet.

THE COURT:  Okay.  Well, why don't you guys talk and, at a minimum, set up some sort of a briefing schedule to deal with the arbitration issue, because that does sound like it needs to be dealt with independently.

MS. SHIVELY:  Appreciate it.  Thank you, Your Honor.

THE COURT:  Okay.

So the next question that Mr. Koncius raised is also what to do with the preliminary injunction hearing.  Looking at the cases that are before me right now and the similarity of the issues that exist in it, I don't see -- and the fact that there's already been a 30-day extension, I'm not sure that it's necessary to wait another few months until there's a consolidated complaint to address the issue.  I think the substance of that complaint is going to be similar enough to the individual complaints.

So I would be inclined to push ahead with that and then if there is -- if there is a difference and I grant an injunctive relief in the first instance, I could definitely look at it again when the consolidated complaint is filed.

MR. RHODES:  Your Honor, may I be heard about it that?

THE COURT:  Yes.

United States District Court

MR. RHODES:  Michael Rhodes.  First of all, the key declarant that we have that we need with respect to our opposition is currently on a sabbatical out of the country returning on November 1.  So in any event, at a minimum, I would ask for the Court to kick it at least a couple, three or four weeks, so that we have more time to respond.  That was the second basis of our application.

The case law is pretty clear that when you file a consolidated amended superseding complaint, it moots the preliminary injunction.  These practices have been around for a long time.  Even the complaint alludes to the fact that they have known about this for quite some time.  I don't see why we're moving with any degree of alacrity here.  It's kind of an unusual move.

And so I would ask the Court to either give us additional time so we can prepare a response with our declaration being by the key person who is out of the country, as I said, until November 1.  I learned that yesterday so the plaintiffs are hearing that for the first time today.  But we did make an effort to determine whether we could get even the evidence before you.

Currently, our opposition would be due on Monday, I believe, and we would like additional time in any event.

THE COURT:  Who wants to speak to that?

MR. KONCIUS:  I do, Your Honor.  Jeff Koncius, if I

may.

THE COURT:  Go ahead.

MR. KONCIUS:  This sabbatical issue, Your Honor, that's news to me.  We just all heard that in realtime for the first time.  Put that aside for just a second, Your Honor.

The moot issue we addressed in our papers, they cited a case where the person amended their complaint, got rid of the cause of action that was the basis for the injunction, so the Court said why is this before me?

I think if you look at the 26(f) report, Your Honor, in terms of what Meta is saying in its argument, they are not disputing the mechanics of what's going on.  They are making more of a consent issue.

So to the extent that they are going to be arguing against this injunction, again, they don't take any issue with what we're saying technically is going on and how the pixel works and the disclosures that are being made.

If you look at what they have identified in the joint report, they are saying consent, consent, consent, and we had authority to get this information.  And oh, by the way, if we got bad information we weren't supposed to, we supposedly told the health entity about that.

So I'm a little confused as to why here at the 11th hour when their opposition is due on the tenth that we're now hearing about a sabbatical for somebody.  And I'm not even sure

whether that person's declaration is even necessary in light of the representations they have made to the Court.

MR. RHODES:  Well, Your Honor, that's obviously not true.  I'm just looking at our pleadings.  We contest their characterization of how it works, what information is inbound, the process by which the information is prevented from being inbound.  There's a lot of technical aspects of this.  It's not -- we're not confined to a single issue of consent.  That will be, obviously, part and parcel of the argument; but in any event, they have known about this for a long time.  The practice has been pervasive, ongoing for an extensive amount of time.

All I'm really asking for at this point, can I get a 30-day extension to put together a coherent set of papers here?  There's no urgency here.  They didn't move for a TRO.  This is preliminary injunction motion.  They have sought no discovery.  We need to respond and we need to respond in full.

THE COURT:  So I am confused, though, Mr. Rhodes, if you have a response due as soon as it is due, that you're just finding out that your key declarant isn't around when you've already gotten a 30-day extension?

MR. RHODES:  Because the whole idea, Your Honor, was to organize the cases.  Our position has been all along this motion for a PI is a stunt to try to grab the flag for lead counsel status.  Nobody else has moved.

United States District Court

And what I'm saying is, we asked for an extension. We tried to get it behind today's date so we can see how the cases were self-organizing.

So now we have seven cases.  They are all going to be sent to Your Honor.  They are going to be consolidated. There's going to be a superseded amending complaint.  And, you know, that's where we are.  We did move -- we filed a motion last week to get more time.  The Court, obviously, hadn't ruled on it so I have been out trying to get myself ready.  And if you tell me I have to file something on Monday, I will.

THE COURT:  So Mr. Koncius, what's the rush?

MR. KONCIUS:  Well, Your Honor, first of all, I don't like our papers being characterized as a stunt but I'll put that aside.

THE COURT:  I listen to that as much as I listen to any other descriptive comments that lawyers make about their opponents.

MR. KONCIUS:  Fair enough, Your Honor.  And I promise not to say, with all due respect, either when I am appearing in front of Your Honor.

THE COURT:  Thank you.

MR. KONCIUS:  Your Honor, look, we filed this motion. We gave them 30 extra days to oppose it.  As part of their administrative motion that they filed last week, they did not mention that their key declarant was out.  And it's not a

United States District Court

matter of what's the rush.  The point is, we filed the motion. 03:17:57 And we did serve discovery, Your Honor, and that is simply not true.  Obviously, under the Federal Rules, it's not considered served until we had our initial conference with them.  But we did serve discovery.  We served requests to produce and we 03:18:10 attached to our discovery the 664 hospitals that are disclosing the information using the invisible pixel.

So while it's easy for the Meta to say, "What's the rush," the point is, every single day consumers are using medical websites and their information is going, without any 03:18:25 disclosure to the patients, to Meta.

Of course Meta disagrees with all of that.  That's fine.  But that's what the motion is for.  File your opposition on the 10th and let's figure it out already.

THE COURT:  So I'll give you an extra week, 03:18:40 Mr. Rhodes, if you just learned that your declarant is out.  I understand that your declarant won't want to be bothered.  But I think this has been around for a while and I don't know enough about the case to know one way or another whether there is -- it's really important to push ahead at this point.  But 03:19:04 there are rules about timing.  And until I dig into it, I'm going to just follow those rules.  So I'll give you an extra week and push the schedule a week accordingly.

And when does that -- when would that make the hearing date, because I did not write that down? 03:19:28

United States District Court

MR. RHODES:  Our opposition would be the 17th then, Your Honor.

THE COURT:  So that would then push the hearing to the ninth I guess of November.

MR. KONCIUS:  Your Honor, this is Jeff Koncius.  The hearing is already on the ninth.

THE COURT:  Well, then, isn't that perfect because --

MR. KONCIUS:  Your Honor, we're willing to keep our opposition date the day that it's scheduled, which is October 26, to give Your Honor enough time to digest everything and have the hearing on November 9.

THE COURT:  That's what I thought you would be doing anyway which is a week.

So, yeah, that's great.  Let's keep it where it is.

All right.  And then with respect to the sort of the CMC portion of this, until the shape of the table is -- well, until the table is clear, I don't think a lot of substantive discovery ought to proceed, but I don't see any reason why the shape of the table shouldn't be worked on.

So with respect to the protective order and the ESI protocol, I think you all ought to get to work on that so that the case can get moving once we know whether this is a case that's going to have legs.  And I assume that in some form or fashion -- well, I'll know better on November 9.

So you can start working on those things.  And then

United States District Court

once we've had that hearing, then I can let you know whether to unleash the dogs as far as discovery is concerned.

So those were the things that I got out of the papers that I had in front of me.  Let me start with the plaintiffs.

Are there other things that we ought to address right now?

MR. GRABER:  Nothing further from us, Your Honor.

THE COURT:  Okay.  Hearing nothing, I'm going to assume nothing.

Mr. Rhodes, what about you, what else?

MR. RHODES:  Two other scheduling matters, Your Honor.  We had tried to architect the flow of events to be once you had issued an order on interim class counsel, following that order, they would have seven -- or some period of time, it doesn't matter to me to be candid -- to file a consolidating complaint, following of which we have 45 days to respond to that.  I don't know if the Court wants to enter those orders now or defer to later.  That was the only thing additionally we had in our papers.

THE COURT:  That's fine.  You'll have to remind me. But you can have 45 days after the complaint gets consolidated, complaint gets filed.  And then once when I appoint interim class counsel, I'll ask them how much time they are going to need to get together with those things.

And that's another of the reasons, Mr. Rhodes, that I

want to push ahead.  It always takes a while for these cases to get going if there is a basis to enter a preliminary injunction.  I don't want it to have to wait for that long.

MR. RHODES:  I appreciate that, Your Honor.  We'll try to convince you otherwise.

THE COURT:  I'm sure you will.

Was there anything else that you wanted to raise at this point?

MR. RHODES:  No.  Thank you, Your Honor.

THE COURT:  Okay.

And Ms. Shively, or whoever is representing the Regents, is there anything else that we ought to talk about?

MS. SHIVELY:  I'm just thinking through the logistics, Your Honor.  If we're going to participate in the protective order on ESI and negotiating with all the different plaintiffs' counsel involved here, but we will sort that out and hopefully it will not be an issue for us.

THE COURT:  I think for you, you can -- I would absolve you of that responsibility until you know what's going to befall you with respect to the arbitration.  You can talk directly with your colleague on the other side to sort out any necessary issues.

MS. SHIVELY:  Thank you.  I appreciate that.

MR. MORRISON:  And, Your Honor, on behalf the Regents, I don't think we have anything else to address.  We do

United States District Court

share some of the same concerns as Dignity Health about being lumped in with the overall morass here, but we'll take that up with plaintiffs' counsel and go forward there.

THE COURT:  Well, I mean, you ought to be talking with your colleagues on the other side of the case so that you can all figure out what the most seamless and efficient way of getting this case to -- into shape so that it can eventually get resolved is.  So don't wait for me.

MR. MORRISON:  We certainly will, Your Honor.

THE COURT:  All right.  So I will look forward to seeing you all when I see you all next, which I guess will be on November 9.

Thank you.

MR. KONCIUS:  Thank you, Your Honor.

MS. SHIVELY:  Thank you.

MR. RHODES:  Thank you.

COURTROOM DEPUTY:  And I believe that concludes our calendar for this afternoon.  Thank you, all.

(Whereupon, these proceedings recessed at 3:25 p.m.)

* * * * *

United States District Court

C E R T I F I C A T E

I, ELAINE M. CROPPER, do hereby certify that I am duly appointed and qualified to act as Official Court Reporter for the United States District Court for the District of Arizona.

I FURTHER CERTIFY that the foregoing pages constitute a full, true, and accurate transcript of all of that portion of the proceedings contained herein, reported through Zoom video conference, had in the above-entitled cause on the date specified therein, and that said transcript was prepared under my direction and control, and to the best of my ability.

DATED at Phoenix, Arizona, this 10th day of October, 2022.

s/Elaine M. Cropper

_____

Elaine M. Cropper, RDR, CRR, CCP

United States District Court